**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PHILLIP RAY HERNDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 10-CV-716-TCK-FHM |
| ) | |
| BRUCE HOWARD, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner appearing pro se. Respondent filed a response to the petition (Dkt. # 6), and provided the original record and trial transcripts (Dkt. ## 8, 9) for the Court's use in evaluating Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the habeas petition shall be denied.

***BACKGROUND***

Petitioner Phillip Ray Herndon was convicted by a jury of Assault and Battery with a Dangerous Weapon, After Former Conviction of Two or More Felonies, in Ottawa County District Court, Case No. CF-2008-106. At trial, Petitioner's jury heard testimony supporting the following factual background. During the late evening hours of April 4-5, 2008, Ritchie Brandon walked outside of his apartment in Miami, Oklahoma. (Dkt. # 8, Tr. Vol. I at 91). Someone grabbed his

---

[1] On October 3, 2013, the Clerk of Court received a letter from Petitioner inquiring as to the status of this case. See Dkt. # 12. The letter reflected that Petitioner was in custody at Howard McLeod Correctional Center (HMCC). Id. Under Rule 2(a), Rules Governing Section 2254 Proceedings in the United States District Courts, the proper respondent is the state officer having custody of the petitioner. In this case, Bruce Howard, Warden of HMCC, is the state officer having custody of Petitioner. Therefore, the Clerk of Court shall be directed to substitute Bruce Howard, Warden, in place of Robert B. Ezell, Warden, as party respondent.

arm and asked him if he wanted to have some fun. Id. As Brandon tried to pull away, he realized he had been stabbed after he felt blood running down his legs. Id. Brandon attempted to return to his apartment and to keep his attacker from coming in the doorway to his apartment. Id. at 92. Brandon called out for someone to "call 911" and soon thereafter, his attacker left. Id. at 95. Brandon was taken to the hospital where he was treated for a stab wound in the area of his left elbow. Id. at 104, 105-06. Once police arrived at the scene of the stabbing, several officers were sent out into the surrounding neighborhood to search for the suspected attacker. Petitioner Phillip Herndon was discovered nearby and "matched the description of the [suspect police] were looking for." Id. at 117. Police observed that Petitioner was bleeding, id. at 119, evasive towards questioning, id. at 120, and intoxicated, id. Police arrested Petitioner for public intoxication. Id.

On April 7, 2008, Petitioner was charged by Information with Assault and Battery with a Dangerous Weapon, After Former Conviction of Two or More Felonies. (Dkt. # 8-2, O.R. at 1). On November 25, 2008, at the conclusion of a two-stage jury trial, Petitioner was found guilty as charged. On January 22, 2009, the trial judge sentenced Petitioner to twenty (20) years imprisonment, in accordance with the jury's recommendation. Petitioner was represented at trial by attorney Richard L. Yohn.

Petitioner filed a direct appeal at the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Terry J. Hull, he raised three (3) propositions of error, as follows:

> Proposition 1: The trial court's refusal to issue requested instructions on the lesser offense of assault and battery was an abuse of discretion and denied appellant his fundamental fair trial rights under the 5th and 14th amendments to the United States Constitution and under Art. II, § 7, of the Oklahoma Constitution.

> Proposition 2: Without proof either that the object allegedly used was a per se dangerous weapon or that it was used in a manner likely to produce death or great bodily harm, the evidence was insufficient to prove appellant guilty of assault and batter with a dangerous weapon.
>
> Proposition 3: Appellant's judgment and sentence fails to include the order that his sentence in this case run concurrently with his sentence in another case, as the trial court ordered it was to do at the time formal sentence was pronounced. This clerical error should be corrected by entry of a *nunc pro tunc* judgment and sentence.

(Dkt. # 6-1). In an unpublished summary opinion, filed November 3, 2009, the OCCA affirmed the judgment and sentence and remanded the case to district court for an order *nunc pro tunc* correcting the judgment and sentence to correctly reflect the sentence as imposed. (Dkt. # 6-3 at 2). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, nor did Petitioner file an application for post-conviction relief in the Oklahoma state courts.

Petitioner timely filed his habeas petition on November 9, 2010. (Dkt. # 1). He identifies two (2) grounds of error, as follows:

> Ground One: Mr. Herndon's fundamental rights to due process and equal protection of the law were violated when the trial court refused to issue the requested instructions on the lesser offense of Assault and Battery.
>
> Ground Two: Mr. Herndon's fundamental rights to due process and equal protection of the law were violated when the evidence was insufficient to prove the offense of Assault and Battery With a Dangerous Weapon.

(Dkt. # 1). Respondent asserts that Ground One is a matter of state law and not cognizable on federal habeas corpus review and that Ground Two, as adjudicated by the OCCA, is not contrary to or an unreasonable application of Supreme Court precedent. (Dkt. # 6).

*ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Upon review of the petition and the state court record, the Court finds that Petitioner exhausted his state court remedies by presenting his claims to the OCCA on direct appeal.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated both grounds for relief as part of Petitioner's direct appeal. Therefore, Petitioner's claims shall be reviewed under 28 U.S.C. § 2254(d).

### 1.     Lesser included offense instruction (Ground One)

In his first proposition of error, Petitioner argues that his "fundamental rights to due process and equal protection of the law were violated when the trial court refused to issue the requested instructions on the lesser offense of assault and battery." (Dkt. # 1 at 5). On direct appeal, the OCCA concluded that "the trial court did not abuse its discretion in denying Appellant's requested instruction on the lesser offense of Assault and Battery." (Dkt. # 6-3 at 2). Respondent argues that the "decision of the OCCA – finding the trial court did not abuse its discretion in declining to give the [lesser included instruction] on simple assault and battery – was a matter of state law and is not properly before this Court in a federal habeas corpus proceeding." (Dkt. # 6 at 6-7). Respondent further argues that "[t]here was no abuse of discretion in this case." Id. at 7.

When a habeas petitioner challenges the state trial court's refusal or failure to give a specific instruction, this Court uses a highly deferential standard of review in evaluating the alleged error. "[E]rrors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir.

5

1995); Robison v. Ward, 232 F. App'x 785, 789 (10th Cir. 2007) (unpublished).[2] "When determining whether a jury instruction has rendered a trial fundamentally unfair, the question is not 'whether the challenged instruction is undesirable, erroneous, or even universally condemned, but whether the instruction so infected the trial that the resulting conviction violates due process.'" Robison, 232 F. App'x at 789 (quoting Nguyen, 131 F.3d at 1357)). Further, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)). Finally, the United States Supreme Court "has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases, and neither has the [Tenth Circuit]." Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (citing Beck v. Alabama, 447 U.S. 625, 638 n.14 (1980)).

After reviewing the record, the Court finds that Petitioner has failed to demonstrate that the trial court's refusal to give a jury instruction for a lesser included offense was so fundamentally unfair as to deprive him of a fair trial and due process of law. In addition, Petitioner's case is a non-capital case. Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. Dockins, 374 F.3d at 938; see also Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993) (holding that the failure of a state court to instruct on a lesser included offense in a noncapital case never raises a federal constitutional question). For that reason alone, habeas corpus relief on Petitioner's

---

[2]This and any other unpublished disposition are cited as persuasive authority pursuant to 10th Cir. R. 32.1(A).

challenge to the omission of a lesser included offense jury instruction should be denied. The Court further finds that the OCCA's decision regarding this issue was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Therefore, habeas relief shall be denied on Petitioner's ground one claim that his constitutional rights were violated because the trial court failed to give a jury instruction on the lesser included offense of Assault and Battery.

### 2. Sufficiency of the evidence (Ground Two)

In his second ground for relief, Petitioner claims that his "fundamental rights to due process and equal protection were violated when the evidence was insufficient to prove the offense of assault and battery with a dangerous weapon." (Dkt. # 1 at 8). Petitioner argues that the evidence shows only that "Brandon was stabbed once with an unknown object." Id. Respondent argues that "the State proved beyond a reasonable doubt that Petitioner used a knife or similar object to intentionally inflict the injury on the victim." (Dkt. # 6 at 10-11). Relying on Jackson v. Virginia, 443 U.S. 307 (1979), Respondent argues that "[v]iewing the evidence in the light most favorable to the State, a rational trier of fact would have found Petitioner guilty of assault and battery with a dangerous weapon where the evidence was undisputed that the Petitioner grabbed the victim's arm." (Dkt. # 6 at 15). The OCCA determined that "the evidence presented a[t] trial was sufficient to support Appellant's conviction beyond a reasonable doubt." (Dkt. # 6-3 at 2 (citing Head v. State, 146 P.3d 1141, 1144 (Okla. Crim. App. 2006) ("We review a challenge to the sufficiency of the evidence in the light most favorable to the State and will not disturb the verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt."))).

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins, 374 F.3d at 939 (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319.

Petitioner concedes that the evidence supporting the crime of assault and battery was "undisputed." (Dkt. # 1 at 5). However, he claims there was insufficient evidence to prove that he committed the crime "with a deadly weapon." Id. Upon review of the evidence in the light most favorable to the prosecution, the Court finds that the evidence was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner was guilty of Assault and Battery with a Dangerous Weapon, After Former Conviction of Two or More Felonies.

Under Oklahoma law, to convict Petitioner of Assault and Battery with a Dangerous Weapon, the State had to prove beyond a reasonable doubt that Petitioner committed an assault and battery and that he performed the assault and battery with a sharp/dangerous weapon. See OUJI-CR2d 4-12; Dkt. # 8-2, O.R. at 93. A "battery" is any willful or unlawful use of force or violence upon the person of another, and an "assault" is any willful or unlawful attempt or offer to do a bodily hurt to another with force or violence. See OUJI-CR2d 4-1, 4-2; Dkt. # 8-2, O.R. at 110-11. A "dangerous weapon" is any pistol/revolver/dagger/bowie/switchblade/spring-type knife/sword/knife having a blade which opens automatically and that is likely to produce death or great bodily harm in the manner that it is used or attempted to be used; "force" is any touching of a person regardless

of how slight and such touching may be brought about directly or indirectly by the defendant; and "great bodily injury" includes obvious disfigurement, impairment of the function of a body part, or substantial risk of injury or death.  See OUJI-CR2d 4-28; Dkt. # 8-2, O.R. at 94.

The Court finds that the circumstantial evidence presented to Petitioner's jury was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner was guilty of Assault and Battery with a Dangerous Weapon.  Although the victim saw no weapon and no weapon was recovered, see Dkt. # 8, Tr. Vol. I at 92; Dkt. # 8-3, Tr. Vol. II at 145, 149, the victim testified that he was stabbed and had blood running down his legs, see Dkt. # 8, Tr. Vol. I at 91.  The victim also testified that he was "bleeding profusely" from the wound, id. at 93, and had to seek medical treatment and follow-up treatment because he felt "numb and throbbing" in his arm, id. at 93, 99.  Additionally, the medical doctor who treated the victim at his follow-up visit, testified that she provided treatment for a stab wound and that the victim required stitches for the "two-centimeter linear cut."  Id. at 107, 108.  Finally, police officers described reporting to "the scene of the stabbing," id. at 116, driving to "the scene of the stabbing," id. at 121, and responding to a report of "a subject being stabbed," see Dkt. # 8-3, Tr. Vol. II at 138.  One of the police officers also verified the accuracy of photographs taken at the scene and at the hospital.  Id. at 140-44. Photographs taken at the scene showed blood droplets on and outside Brandon's apartment door. Id., State's Exs. 7-10.  A photograph taken at the hospital showed Brandon's injury.  Id., State's Ex. 12.

The Court concludes that the evidence was sufficient to support Petitioner's conviction, and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable

9

determination of the facts, 28 U.S.C. § 2254(d)(2).  See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact).  Petitioner is not entitled to habeas corpus relief on his challenge to the sufficiency of the evidence.

**C.    Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Tenth Circuit would find that this Court's application of 28 U.S.C. § 2254(d) standards to the decision by the OCCA was debatable amongst jurists of reason.  See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004).  The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, the petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that,

1. The Clerk of Court shall substitute Bruce Howard, Warden, in place of Robert B. Ezell, Warden, as party respondent.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 11th day of December, 2013.

**TERENCE KERN**
**United States District Judge**